## Cook-Anderson Co. v. Maryland Casualty Co.

*Reed, Sohn, Orr & Reed,* for plaintiff.

*Ray & Good,* for defendant.

SCALERA, P. J., May 1, 1967.—On or about November 4, 1954, Massa Brothers, Inc., contracted with the State Public School Building Authority of the Common-

wealth of Pennsylvania for the construction of two school buildings for the Southern Beaver County Joint School Board. In connection with those contracts, Massa Brothers, Inc., as principal and the Maryland Casualty Company as surety, executed and delivered to the authority two bonds for the protection of labor and materialmen. The bonds were given pursuant to the provisions of section 10 of the Act of July 5, 1947, P. L. 1217, as amended, 24 PS §791.10:

"No contract shall be entered into for construction or improvement of any project or portion thereof, or for the purchase of materials, unless the contractor shall give an undertaking with a sufficient surety or sureties approved by the Authority, and in an amount fixed by the Authority, for the faithful performance of the contract, and such contract shall be accompanied by an additional bond for the protection of those who furnish labor and material, for such amount and subject to the same terms and conditions as recommended by The Administrative Code of one thousand nine hundred twenty-nine, as amended, on contracts entered into by the Department of Property and Supplies for the erection of buildings. All construction contracts shall provide, among other things, that the person or corporation entering into such contract with the Authority will pay for all materials furnished and services rendered, for the performance of the contract, and that any person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligor in the undertaking as though such person or corporation was named therein, provided the action is brought within one year after the time the cause of action accrued".

Massa Brothers, Inc. contracted with William T. Wilson for the installation of tile floors in the buildings. The Cook-Anderson Company, as sole distributor for the Johns-Manville Sales Corporation, furnished ma-

terial to William T. Wilson, which material was used in the construction of the buildings.

Plaintiff was not paid and filed this action to recover on the bonds.

Trial of the case was held before a jury beginning November 15, 1965, and continuing through November 16, 1965, at which time both parties joined in a motion that the jury be discharged and the case be determined by the court, which motion was granted. Subsequently, the record was transcribed, memoranda were filed on behalf of both parties and oral argument was held before the court.

The sole issue in this case is whether it was necessary for plaintiff to comply with section 4 of the Act of June 22, 1931, P. L. 881, 53 PS §1296, which provides in substance that a supplier without a contractual relationship with the contractor furnishing the labor and material bond must give 90 days' notice of its claim before it can recover on the bond.

This same problem was considered in General State Authority v. Yorkshire Insurance Company of New York, 37 D. & C. 2d 660 (1965). Although the Yorkshire case involves the General State Authority and this case involves the State Public School Building Authority, the distinction, so far as it involves the issue in this case, is immaterial. Therefore, we adopt the opinion of President Judge Shughart in the Yorkshire case, supra, and conclude that the Act of 1931 does not apply to this case.

ORDER

And now, to wit, May 1, 1967, it is ordered and decreed that judgment be entered for plaintiff and against defendants in the amount of $5,539.58, with interest from September 15, 1956, the date defendant Maryland Casualty Company received formal notice of plaintiff's claim.